# Witmeyer v. Kreider.

The service of a Magistrate's summons "by producing the original to, and informing him of the contents thereof," while good under the prior Act, is not sufficient under the Act of July 9, 1901, which requires service by copy.

MAGISTRATES—SERVICE OF SUMMONS—ACT OF JULY 9,
1901, P. L. 619.

Certiorari.

No. 74, October Term, 1902, C. P. of Lancaster Co.

Coyle & Keller, Esqs., for certiorari.

Opinion by LANDIS, J., December 20, 1902.

But a single question is raised in this case. On September 2, 1902, a summons was issued by D. L. Hamaker, Esq., a Justice of the Peace, at the instance of the plaintiff, against

the defendant for wages of labor, not exceeding $300. The Constable who served the said writ makes return that he "served the within writ of summons 9, 31, 1902, upon the within named defendant, by producing the original to, and informing him of the contents thereof." A hearing was duly had, and the defendant failing to appear, judgment by default was entered against him for $8.22. The exceptions to the record are to the point that the summons was not served in accordance with the Act of July 9, 1901, P. L. 614. Section 16 of the said Act provides that "writs issued by any Magistrate, Justice of the Peace or Alderman shall be served in the county wherein they are issued by the Constable or other officer therein to whom given for service, in the same manner and with like effect as similar writs are served by the sheriff when directed to him by the proper court." And Section 1 points out the manner in which the sheriff shall serve certain writs, as follows: "1. The writ of summons, the writ of attachment in execution, and the writ of scire facias in personal action, may be served by the sheriff of the county wherein it is issued upon any individual, defendant or garnishee in any one of the following methods: (a) by handing a true and attested copy thereof to him personally; or (b) by handing a true and attested copy thereof to an adult member of his family at his dwelling house; or (c) by handing a true and attested copy thereof at his place of residence to an adult member of the family with which he resides; or (d) by handing a true and attested copy thereof at his place of residence to the manager or clerk of the hotel, inn, apartment house, boarding house, or other place of lodging at which he resides; or (e) by handing a true and attested copy thereof at his place of business to his agent, partner, or the person for the time being in charge thereof, if upon inquiry thereat his residence in the county is not ascertained, or if from any cause an attempt to serve at the residence has failed." It will be observed that while the service would have been good under the prior Act, it is not in accordance with the Act of 1901. In Montgomery Table Works v. Nice & Co., 27 C. C. R. 95, it was decided that where in a proceeding before a Justice of the Peace, upon judgment by de-

fault the record does not disclose service of the summons by copy, as required by Section 16 of the Act of July 9, 1901, the judgment should be reversed upon certiorari, even though the certiorari was not sued out within twenty days succeeding the entry of the judgment. This case only differs in that it was issued within that period. As the service is manifestly irregular and contrary to law, the exceptions are sustained and the proceedings of the Justice are set aside.

Exceptions sustained and proceedings set aside.

From Lancaster Law Review,

Lancaster, Pa.